THE MUTUAL LOAN SYSTEM OF PROVIDENCE, INC. *vs.*
RICHARD EVERETT WILMOT.

DECEMBER 20, 1961.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

PAOLINO, J. This action of assumpsit was brought against the defendant as maker of a certain promissory note. He pleaded the general issue and a plea in bar alleging that at the time the note was executed he was so intoxicated as to be deprived of the exercise of his understanding. The case was tried in the superior court and resulted in a verdict for the defendant. The trial justice granted the plaintiff's motion for a new trial on the ground that the verdict was against the weight of the evidence and did not do justice between the parties. The case is here on the defendant's exception to such ruling.

The only questions raised by defendant's exception are whether the trial justice was clearly wrong in granting a new trial or whether he misconceived or overlooked any material evidence. *Hovas* v. *Cirigliano*, 70 R. I. 227, 236.

The plaintiff's case rests on a promissory note for $600 payable to it and bearing defendant's signature. It claims that it loaned him the sum of $600 after he had filled in and signed an application for the loan and a financial statement. The note, application and a check for $600 payable to defendant and bearing his endorsement were introduced in evidence by plaintiff.

The defendant did not deny the signature on the note or the endorsement on the check; he admitted that the signature and endorsement looked like his signature, but he testified he was so intoxicated at the time that he did not know what he was signing. He denied receiving any money from plaintiff, but he admitted filling in and signing the application and financial statement.

The application is addressed to plaintiff. It contains a request by defendant for a loan of $600 and a statement by him that his only outstanding liability is a debt of $800 owed to the "Industrial Trust." The figure "600.00" and the statement of his indebtedness of $800 are in his own handwriting. He stated that he was sober at the time he filled in and signed the application, but he claimed he did not read any part of the application. He admitted that he gave his credit standing, but denied applying for a loan of any money.

In the decision granting the motion, the trial justice carefully reviewed the material testimony and exhibits. After passing his independent judgment on the credibility of the witnesses and the weight of the evidence, including defendant's uncontradicted testimony about his alleged state of intoxication, he placed great weight on the statements in the application and financial statement which defendant admittedly filled in and signed when he was sober.

Since the application indicated that he was applying for a loan of $600 and since defendant admitted he was sober when he filled in and signed it, the trial justice concluded that the weight of such evidence was clearly against any finding that defendant did not know what he was doing when he signed the application. He expressed the opinion that defendant's testimony about his alleged intoxication was severely impeached by the application. He therefore decided that in the circumstances the verdict was clearly against the weight of the evidence and failed to do justice between the parties.

The determination of the narrow issue presented by defendant's exception is based on a weighing of evidence and the credibility of testimony. The trial justice saw and heard the witnesses testify and was therefore in a better position than this court to appraise and evaluate their testimony. Because of the weight which he gave to the application and the circumstances surrounding its signing, he did not credit the testimony of defendant and his mother about his alleged intoxication at the time he signed the note.

In our opinion the trial justice performed his duty in passing on plaintiff's motion for a new trial. Therefore his decision carries great weight and will not be disturbed by this court unless it is clearly wrong or unless he misconceived or overlooked material evidence. Our examination of the testimony does not show that he misconceived or overlooked any material evidence. Nor has defendant persuaded us that there is anything in the evidence which would warrant us in holding that the finding on the weight of the evidence was clearly wrong. Having found that the verdict was against the weight of the evidence and failed to do justice between the parties, the trial justice properly granted plaintiff's motion for a new trial. *Manwaring* v. *Liggett Drug Co.*, 60 R. I. 442.

In the judgment of the trial justice the evidence was not such that different minds might reasonably and fairly come

to different conclusions therefrom; nor did he have a mere doubt of the correctness of the verdict. He expressly found that the verdict failed to do justice between the parties and was so clearly against the weight of the evidence that in his opinion it was indefensible. Under our practice he clearly applied the correct rule in granting a new trial. *Pinkos v. Bonin,* 77 R. I. 303.

The defendant's exception is overruled and the case is remitted to the superior court for a new trial.

*Monti and Monti, Michael A. Monti, Francis A. Monti* for plaintiff.

*Luigi Capasso* for defendant.